## THE PEOPLE OF THE STATE *vs.* BELITCH.

*In the Court of Sessions, in and for the County of Butte, June,* 1857.

### ATTEMPT TO BRIBE.

An indictment charging defendant with an attempt to bribe a public officer must allege the offer of something of a *valuable* nature.

Indictment for an offer and attempt to bribe the District Attorney of said County.

*Judge Lewis, Presiding.*

The indictment was in the usual form of accusation against the defendant and alleged, that "the said John Belitch on or about the 10th day of April, A. D., 1857 at Oroville, County of Butte, and before the finding of this indictment, did unlawfully, wilfully, and corruptly offer and attempt to bribe one J. J. Kleine then and there being an officer, to wit: the District Attorney of Butte County." After stating the case pending in respect to which the bribe was offered, the indictment proceeded as follows: "by then and there telling and promising the said J. J. Kleine, District Attorney as aforesaid, that he the said John Belitch would give the said J. J. Kleine, District Attorney, as aforesaid, "*something out of his pocket*," if the said J. J. Kleine would do something for and in favor of the said B. Macinos, &c."

To this indictment, a demurrer was put in by the defendant, on the ground that the acts charged did not amount to a public offense.

*W. H. Rhodes*, for defendant.

*J. J. Kleine*, for the State.

J. E. N. LEWIS, J. The indictment in this case is certainly defective, in not charging that some valuable thing as a promise was offered.

Bribing at common law is a misdemeanor and in strict sense, says Hawkins, "is taken for a great misprision in one in a judicial place taking any *valuable* thing except meat and drink of small value of any man who has to be before him in any way, for doing his office, or by color of his office." Roscoe's Crim. Ev. 326. 4. Black Com. 139. Judicial Law Dict. vide "Bribing."

This *valuable* thing has been specified in the 85th section of the Act concerning Crimes and Punishments passed April, 16, 1850. Comp. Stat. 654, as follows: "If any person shall directly or indirectly give any sum or sums of money, or any other bribe, present, or reward, or any promise, contract, obligation or security for the payment of any money, present or reward or any other thing, to any Judge, Justice of the Peace, District, or County Attorney," &c.

The 86th section, then makes "*an attempt or offer to bribe*" an

offense, and punishes it by fine and disqualification to hold office. It hence appears that before a conviction can be had for an attempt or offer to bribe, some act must be charged, which had it been consummated would have constituted the crime of Bribing.

In the case before the Court nothing *valuable* and no promise to give any thing valuable seems to have been offered to the District Attorney; nor was there any act done which, if carried into effect, would have come up to the completion of the statutory offense.

Under an English statute precisely similar to the act under consideration, it was held that some "particular species of reward" must have been offered. Russell on crimes, vol. 1. 157, remarks, "It seems that a declaration upon this statute must state what the bribe was, and specify that the defendant took money or some other particular species of reward, and where it stated generally that the defendant did receive *a gift or reward*" in the disjunctive it was held bad, and that the defect might be taken advantage of, in arrest of judgment, the charge being of a criminal nature." The defendant promised to "*give him, the District Attorney, something out of his pocket,*" now, *non constat* that he had anything of value in his pocket.

The demurrer must therefore be sustained and the defendant discharged.